UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────── x

PLUMBERS AND STEAMFITTERS UNION : Civil Action No.
LOCAL NO. 10 HEALTH & WELFARE :
FUND, Individually and on Behalf of All : COMPLAINT FOR VIOLATION OF THE
Others Similarly Situated, : FEDERAL SECURITIES LAWS
:
            Plaintiff, : **JURY TRIAL DEMANDED**
:
    vs. :
:
STATE STREET CORPORATION, STATE :
STREET GLOBAL ADVISORS, SSGA :
FUNDS, LYNN L. ANDERSON, STEVEN J. :
MASTROVICH, WILLIAM L. MARSHALL, :
PATRICK J. RILEY, BRUCE D. TABER, :
RICHARD D. SHIRK, HENRY W. TODD, :
MARK E. SWANSON, WILLIAM L. :
BOYAN, MICHAEL F. HOLLAND, RINA K. :
SPENCE, DOUGLAS T. WILLIAMS, JAMES :
E. ROSS, GARY L. FRENCH and PETER G. :
LEAHY, :
:
            Defendants. :
─────────────────────────────── x

'08 CIV 7934

[Stamp: SEP 11 2008 U.S.D.C. S.D. N.Y. CASHIERS]

## NATURE OF THE ACTION

1.      This is a securities class action on behalf of all purchasers (other than defendants and certain others identified below) who acquired shares of the SSgA Intermediate Fund (Ticker: SSINX) (referred to herein as the "Intermediate Fund") within three years of the filing of this lawsuit, seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act") (the "Class").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o]. In connection with the acts complained of, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 22 of the Securities Act [15 U.S.C. §77v].

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b). This action is related to the underlying conduct in the action entitled *In re State Street Bank and Trust Co. ERISA Litigation*, 07-cv-8488 (S.D.N.Y).

5.      In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

6.      Plaintiff Plumbers and Steamfitters Union Local No. 10 Health & Welfare Fund acquired shares of the Intermediate Fund (Ticker: SSINX) pursuant and/or traceable to the

Registration Statement accompanying the issuance of SSgA Funds (defined below) and has been damaged thereby.

7. Defendant State Street Corporation (NYSE: STT) ("State Street") is one of the world's largest global financial services companies. State Street was founded in 1792, and is headquartered in Boston. State Street employs over 25,000 staff worldwide and, as of September 2007, claims assets under custody of $15.1 trillion and assets under management of $2 trillion.

8. Defendant State Street Global Advisors ("SSgA") is the investment management arm of State Street. SSgA focuses on delivering investment strategies and integrated solutions to institutional and individual investors worldwide. The SSgA worldwide headquarters is located at One Lincoln Street in Boston, Massachusetts.

9. Defendant SSgA Funds is an open-end investment management company and the investment management arm of State Street. It is organized as a Massachusetts business trust and is an unincorporated business trust organized under the laws of the Commonwealth of Massachusetts. SSgA Funds is registered as an open-end management investment company under the Investment Company Act of 1940.

10. The Intermediate Fund is offered by SSgA and is managed by the SSgA North America Fixed Income Team led by Chuck LaPosta and Matt Pappas. The Intermediate Fund's initial Registration Statement was filed with the SEC on September 1, 1993.

11. Defendant Lynn L. Anderson ("Anderson") is Chairman of the Board of the SSgA Funds, including the Intermediate Fund. Anderson signed seven subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

12. Defendant Peter G. Leahy ("Leahy") is a trustee of the SSgA Funds, including the Intermediate Fund. Leahy signed three subsequent amendments to the Registration Statement filed on August 15, 2007 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

13. Defendant Steven J. Mastrovich ("Mastrovich") is a trustee of the SSgA Funds, including the Intermediate Fund. Mastrovich signed seven subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

14. Defendant William L. Marshall ("Marshall") is a trustee of the SSgA Funds, including the Intermediate Fund. Marshall signed seven subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

15. Defendant Patrick J. Riley ("Riley") is a trustee of the SSgA Funds, including the Intermediate Fund. Riley signed seven subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

16. Defendant Richard D. Shirk ("Shirk") is a trustee of the SSgA Funds, including the Intermediate Fund. Shirk signed seven subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

17. Defendant Bruce D. Taber ("Taber") is a trustee of the SSgA Funds, including the Intermediate Fund. Taber signed seven subsequent amendments to the Registration Statement filed

between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

18. Defendant Henry W. Todd ("Todd") is a trustee of the SSgA Funds, including the Intermediate Fund. Todd signed seven subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

19. Defendant Mark E. Swanson ("Swanson") is Treasurer and principal financial officer of the SSgA Funds, including the Intermediate Fund. Swanson signed seven subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

20. Defendant James E. Ross ("Ross") is President and principal executive officer of the SSgA Funds, including the Intermediate Fund. Ross is also a trustee and president of the State Street Master Funds. Ross signed four subsequent amendments to the Registration Statement filed between December 26, 2005 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

21. Defendant Gary L. French ("French") is Treasurer and principal accounting officer of State Street Master Funds. French signed two subsequent amendments to the Registration Statement filed between December 26, 2005 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

22. Defendant William L. Boyan ("Boyan") is a trustee of State Street Master Funds. Boyan signed three subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

23. Defendant Michael F. Holland ("Holland") is a trustee of State Street Master Funds. Holland signed three subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

24. Defendant Rina K. Spence ("Spence") is a trustee of State Street Master Funds. Spence signed three subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

25. Defendant Douglas T. Williams ("Williams") is a trustee of State Street Master Funds. Williams signed three subsequent amendments to the Registration Statement filed between December 20, 2004 and December 18, 2007, which incorporated by reference the language of the Registration Statement.

26. Each of the defendants named in ¶¶11-25 (the "Individual Defendants") prepared, reviewed and/or signed or authorized the signing of the Registration Statement and/or the subsequent amendments to the Registration Statement for the offering of shares of the Intermediate Fund.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the Class. Excluded from the Class are defendants, the officers and directors of the defendant companies, at all relevant times, members of the immediate families of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, heirs, successors or assigns and any such excluded party.

28. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by defendants, or specifically by SSgA Funds, the Intermediate Fund or its transfer agent, and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

29. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' conduct in violation of federal law that is complained of herein. Plaintiff does not have any interests antagonistic to, or in conflict with, the other members of the Class.

30. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and has retained counsel competent and experienced in class and securities litigation.

31. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether the Securities Act was violated by defendants' acts as alleged herein;

(b) Whether the Registration Statement and its subsequent amendments issued by defendants to the investing public in connection with the sale of SSINX negligently omitted and/or misrepresented material facts about the Intermediate Fund;

(c) Whether the Registration Statement and subsequent amendments issued by defendants to the investing public in connection with the sale of SSINX contained untrue statements of material fact; and

(d) To what extent the members of the Class have sustained damages and the proper measure of damages.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

33. On or about September 1, 1993, Defendants began offering shares of the SSgA Intermediate Fund pursuant to an initial registration statement, filed with the SEC as a Form 485BPOS.

34. The registration statement and subsequent supplemental prospectuses incorporated by reference therein (the "Registration Statement") represented that the SSgA Intermediate Fund is a mutual fund promoted or marketed by Defendants with a "fund objective" that "seeks a high level of current income while preserving principal by investing primarily in a diversified portfolio of debt securities with a dollar-weighted average maturity between three and ten years."

35. The Registration Statement represented that the investment objective of the SSgA Intermediate Fund is to invest "at least 80% of its total assets in debt instruments" and to invest in "debt instruments rated investment grade or better."

36. The Registration Statement represented that the SSgA Intermediate Fund "seeks to match or exceed the return of the Lehman Brothers® Intermediate Government/Credit (LBIGC)

Index and to manage the Fund's duration to correspond to the LBIGC Index's duration while adding value through issue and sector selection," stating:

> The Intermediate Fund will measure its performance against, and also intends to maintain an average maturity and duration similar to that of, the LBIGC Index. The LBIGC Index is a subset of the Lehman Brothers Government/Credit Bond Index and it comprises all securities that appear in this Index limited to those with maturities ranging from one to ten years only. The LBIGC Index includes the Government and Corporate Bond Indices. The LBIGC Index includes fixed rate debt issues rated investment-grade or higher by Moody's, S&P or Fitch, in that order. All issues in the Index have at least one year to maturity and an outstanding par value of at least $150 million.

37. The SSgA Intermediate Fund's "factsheet" also touted the fund's ability to manage its risk:

> The portfolio management goal is to balance the trade-off between value and risk. The risk controls that are in place are to monitor tracking error, cash flow distribution and contribution to adjusted duration. Tracking error describes how the portfolio return may differ from the benchmark. The major source of tracking error is sector, quality and issue selection. By examining these sources separately, the management team is able to determine which factors are causing differences in return between the Fund and the benchmark and to adjust the portfolio accordingly. Risk is monitored frequently by portfolio managers, credit analysts and traders.

38. The statements reference above in ¶¶34-37 were false and misleading in that they omitted and/or misrepresented the true facts, including: (a) the actual risks associated with acquiring shares of the SSgA Intermediate Fund; (b) that the SSgA Intermediate Fund: (i) was heavily invested in high-risk mortgage-backed securities and/or securities tied to the value of subprime mortgages; and (ii) had vast undisclosed exposure to the subprime lending industry; and (c) that the fund had materially altered its investment strategy, which had resulted in the dramatic deterioration in the quality of the fund's investment.

39. On October 1, 2007, Prudential Retirement Insurance and Annuity Company ("PRIAC") filed a lawsuit against State Street alleging, among other things, that State Street violated its fiduciary duties to PRIAC by failing to disclose the true extent of the risks involved in PRIAC's

investment in the Intermediate Fund, which had suffered declines of more than 50% by September 2007.

      40.      On January 4, 2008, in an article entitled *State Street Executive Resigns; Company sets aside $618m to deal with subprime fallout*, The Boston Globe reported, in pertinent part, as follows:

> The head of State Street Corp.'s investment unit stepped down yesterday as the company set aside $618 million to deal with growing problems with investments tied to subprime mortgages.
>
> State Street of Boston, the world's largest institutional money manager, has faced questions since fall about investments in vehicles that grew risky as world credit markets dried up.
>
> **The full extent of the risks became clear yesterday as State Street said William W. Hunt had resigned as head of its Global Advisors business, replaced on an interim basis by James S. Phalen.**
>
> **State Street also acknowledged it faces legal liabilities and disclosed the reserve, which it said will lead it to take a $279 million charge in the fourth quarter of 2007.** Chief executive Ronald E. Logue said it set up the reserve after discussions with customers and part of a broader review of its strategies.
>
> "The issue here is one of looking at new market realities and making sure that we have in place enhanced risk and compliance issues to deal with those realities," Logue said yesterday during a conference call with stock analysts.
>
> During the call, one analyst suggested the size of State Street's charge meant the company was capitulating to lawsuits brought by customers such as Prudential Financial Inc., which alleged State Street made more aggressive investments with certain bond funds than allowed under contracts, causing significant losses. "We're not capitulating on anything," Logue responded, but said he couldn't get into much detail, and a spokeswoman later said Logue, Hunt, and Phalen were not available to be interviewed.
>
> State Street also did not provide more detail about which funds faced problems. **In a subpoena to the company in October, Secretary of State William F. Galvin sought more information about a range of bond funds meant to provide stable returns for institutional clients, including its Intermediate Bond Fund and Government Credit Bond Fund, both named in Prudential's lawsuit.**
>
> Many short-term, supposedly conservative investments such as bond funds and money-market funds have been hurt as borrowers have struggled to pay back high-

interest subprime mortgages. These subprime mortgages were packaged with less risky mortgages and sold to funds seeking slightly higher rates of return for their investors. But as the subprime market has unraveled, institutions such as Bank of America Corp. and Wachovia Corp. have had to bail out some of their funds, cutting into profits. Chief executives forced out by the credit crunch include Citigroup Inc.'s Charles Prince, who left the top job in November.

* * *

Hunt will receive roughly $14.1 million in cash and stock compensation and benefits under the terms of a severance agreement worked out on Wednesday, State Street said in a securities filing.

Hunt's departure is still a blow for State Street, whose Global Advisors unit has been an important earnings driver but also the location of many internal struggles over the years, including one in 2005 when leaders named Hunt to lead the unit in place of a pair of interim officials who ran it after the unexpected death of Timothy Harbert in 2004.

Global Advisors, which manages money for institutional clients, has $2 trillion in assets under management, up from $1.4 trillion at the end of 2005. Logue had made the unit's growth a priority.

**It now seems that some of the money was drawn in by high returns based on aggressive bets that proved vulnerable as world credit markets began to seize up in the second half of last year.** In October, Logue acknowledged he was disappointed in the poor performance of "a small number of fixed-income strategies" at Global Advisors, and the next month the company reported the departure of several executives, including Sean Flannery, its top North American investment officer.

**According to a review State Street released yesterday, it managed $244 billion in fixed-income assets as of June 30, of which $36 billion was "actively managed," or invested at the discretion of company traders and executives. Of this, about $13.9 billion was invested in instruments backed by subprime mortgages.**

This pool had fallen in value to $8.2 billion by September as managers struggled to cope with the subprime mess and some customers pulled out money, "which worsened the liquidity issues in certain instances," Logue said on the conference call.

The company, however, Logue said, will defend against claims such as those for losses tied solely to market changes, and he said it has taken steps to avoid similar problems in the future. Among other things, he said, the company has avoided any subprime investments in its money-market funds. [Emphasis added.]

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

41. Plaintiff repeats and realleges each and every allegation contained above.

42. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.

43. The Registration Statement, as amended, was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

44. The SSgA Fund is the registrant for the shares of the Intermediate Fund, and as such is strictly liable for the false statements contained in the Registration Statement. The defendants named herein were responsible for the contents and dissemination of the Registration Statement.

45. None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

46. By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

47. Plaintiff acquired shares of the Intermediate Fund during the relevant time period and pursuant to the Registration Statement.

48. Plaintiff and the Class have sustained damages. The value of the shares of the Intermediate Fund declined substantially subsequent to and due to defendants' violations.

49. At the times they purchased shares of the Intermediate Fund, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to October 1, 2007. Less than one

year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff filed this Complaint. Less than three years elapsed between the time that the securities upon which this Count is brought were offered to the public and the time Plaintiff filed this Complaint.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

50. Plaintiff repeats and realleges each and every allegation contained above.

51. This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all defendants.

52. Defendants were sellers and offerors and/or solicitors of purchasers of the shares of the Intermediate Fund offered pursuant to the Registration Statement and the Prospectuses incorporated therein.

53. The Registration Statement and corresponding amendments contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein. The Individual Defendants' actions of solicitation included participating in the preparation of the false and misleading Registration Statement and participating in marketing the shares of the Intermediate Fund to investors.

54. Defendants owed to the purchasers of the shares of the Intermediate Fund, including Plaintiff and other Class members, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and corresponding amendments to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants in the exercise of

reasonable care should have known of the misstatements and omissions contained in the offering materials as set forth above.

55. Plaintiff and other members of the Class purchased or otherwise acquired shares of the Intermediate Fund pursuant to the defective Registration Statement and corresponding amendments. Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in defendants' solicitation materials.

56. By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated, §12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold shares of the Intermediate Fund have the right to rescind and recover the consideration paid for their shares of the Intermediate Fund and hereby elect to rescind and tender those shares to the defendants sued herein. Plaintiff and Class members who have sold their shares of the Intermediate Fund are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

57. Plaintiff repeats and realleges each and every allegation contained above.

58. This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

59. Each of the Individual Defendants was a control person of the Intermediate Fund by virtue of his or her position as a director and/or senior officer of Intermediate Fund or other defendant companies. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of the Intermediate Fund.

60. Each of the Individual Defendants was a culpable participant in the violations of Sections 11 and 12(a)(2) of the Securities Act alleged in Counts I and II above, based on their having signed the Registration Statement and/or amendments and having otherwise participated in the process which allowed the sale of the shares of the Intermediate Fund to be successfully completed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action and certifying Plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D. Awarding rescission or a rescissory measure of damages as to Count II; and

E. Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: September 11, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
srudman@csgrr.com
drosenfeld@csgrr.com
malba@csgrr.com

- 15 -

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

PLUMBERS AND STEAMFITTERS LOCAL 10 HEALTH & WELFARE FUND ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|----------|-------------|------|-----------------|

*See* attached Schedule A.

5. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

STATE STREET

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____ day of _____, 2008.

PLUMBERS AND STEAMFITTERS
LOCAL 10 HEALTH & WELFARE FUND

By: _____

Its: _____

STATE STREET

## SCHEDULE A

## SECURITIES TRANSACTIONS

**Acquisitions**

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 12/29/2006 | 101.332 | $10.33 |
| 12/29/2006 | 239.562 | $10.33 |
| 12/29/2006 | 360.005 | $10.33 |
| 12/29/2006 | 427.651 | $10.33 |
| 12/29/2006 | 839.798 | $10.33 |
| 12/29/2006 | 1,158.014 | $10.33 |
| 12/29/2006 | 1,185.882 | $10.33 |
| 12/29/2006 | 4,617.135 | $10.33 |
| 02/06/2007 | 165,183.630 | $10.37 |
| 03/30/2007 | 5.961 | $10.30 |
| 03/30/2007 | 153.030 | $10.30 |
| 03/30/2007 | 383.218 | $10.30 |
| 03/30/2007 | 573.805 | $10.30 |
| 03/30/2007 | 666.468 | $10.30 |
| 03/30/2007 | 1,277.187 | $10.30 |
| 03/30/2007 | 1,654.259 | $10.30 |
| 03/30/2007 | 1,885.380 | $10.30 |
| 06/29/2007 | 177.683 | $10.13 |
| 06/29/2007 | 435.715 | $10.13 |
| 06/29/2007 | 465.559 | $10.13 |
| 06/29/2007 | 549.167 | $10.13 |
| 06/29/2007 | 742.547 | $10.13 |
| 06/29/2007 | 1,253.121 | $10.13 |
| 06/29/2007 | 1,669.834 | $10.13 |
| 06/29/2007 | 1,978.102 | $10.13 |
| 06/29/2007 | 8,626.640 | $10.13 |
| 09/28/2007 | 610.279 | $8.19 |
| 09/28/2007 | 628.327 | $8.19 |
| 09/28/2007 | 759.005 | $8.19 |
| 09/28/2007 | 1,297.055 | $8.19 |
| 09/28/2007 | 1,439.716 | $8.19 |
| 09/28/2007 | 2,115.995 | $8.19 |

**Sales**

| Date Sold | Type/Amount of Securities Sold | Price |
|---|---|---|
| 03/30/2007 | 217.032 | $10.30 |