```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------  x
IN RE STATE STREET BANK AND          :
TRUST CO. FIXED INCOME FUNDS         :    MDL No. 1945
INVESTMENT LITIGATION                :
-----------------------------------  x
NING YU, On Behalf of Himself and All :
Others Similarly Situated,           :
                                     :
             Plaintiff,              :    No. 08 Civ. 8235 (RJH)(DFE)
                                     :
     vs.                             :    ECF CASE
                                     :
STATE STREET CORPORATION, et al.,    :    Electronically Filed
                                     :
             Defendants.             :
-----------------------------------  x
PLUMBERS AND STEAMFITTERS UNION      :
LOCAL NO. 10 HEALTH & WELFARE        :
FUND, Individually and on Behalf of All Others :
Similarly Situated,                  :
                                     :
             Plaintiff,              :    No. 08 Civ. 7934 (RJH)(DFE)
                                     :
     vs.                             :    ECF CASE
                                     :
STATE STREET CORPORATION, et al.,    :    Electronically Filed
                                     :
             Defendants.             :
-----------------------------------  x
```

## INDEPENDENT TRUSTEES' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINTS

    Thomas J. Dougherty
    Peter Simshauser
    Michael S. Hines
    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Counsel for Defendants
Dated: March 11, 2009    Independent Trustees

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ........................................................................................................................ 4

I.  ALL COUNTS OF THE COMPLAINTS SHOULD BE DISMISSED
    BECAUSE THE FUNDS' REGISTRATION STATEMENTS AND
    OTHER DISCLOSURES DO NOT CONTAIN MISLEADING STATEMENTS ........... 4

II. PLAINTIFFS' SECTION 12(a)(2) CLAIMS SHOULD BE
    DISMISSED FOR THE SEPARATE REASON THAT THE
    INDEPENDENT TRUSTEES ARE NOT STATUTORY "SELLERS" ........................... 4

    A.  The Complaints Do Not Allege That The
        Independent Trustees Transferred Title Of Securities ........................................... 5

    B.  The Complaints Do Not Adequately Allege That The
        Independent Trustees Solicited Security Purchases For Financial Gain ................ 5

        1.  Plaintiffs' Failure To Allege That The Independent
            Trustees Solicited Purchases For "Financial Gain" Is Fatal ........................ 6

        2.  Separately, As A Matter Of Law, Conclusory
            Allegations Of Preparing And Signing Registration
            Statements Do Not Adequately Allege Active "Solicitation" ..................... 8

CONCLUSION ..................................................................................................................... 9

**TABLE OF AUTHORITIES**

**CASES**                                                                                                                **PAGE(S)**

Atlas v. Accredited Home Lenders Holding Co.,
    556 F. Supp. 2d 1142 (S.D. Cal. 2008)......................................................................7

Bell Atl. Corp. v. Twombly,
    127 S. Ct. 1955 (2007)..................................................................................................4

Capri v. Murphy,
    856 F.2d 473 (2d Cir. 1988).........................................................................................5

Degulis v. LXR Biotech., Inc.,
    928 F. Supp. 1301 (S.D.N.Y. 1996) ............................................................................9

In re Harmonic, Inc. Sec. Litig.,
    No. C 00-2287 PJH, 2006 WL 3591148 (N.D. Cal. Dec. 11, 2006)............................8, 9

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007).........................................................................................4

Pinter v. Dahl,
    486 U.S. 622 (1988) .............................................................................................*passim*

Rosenzweig v. Azurix,
    332 F.3d 854 (5th Cir. 2003)........................................................................................8

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)...........................................................................................2

In re Tamoxifen Citrate Antitrust Litig.,
    466 F.3d 187 (2d Cir. 2006).........................................................................................4

In re Vivendi Universal, S.A. Sec. Litig.,
    381 F. Supp. 2d 158 (S.D.N.Y. 2003) .....................................................................5, 6

**OTHER AUTHORITIES**                                                                                                  **PAGE(S)**

15 U.S.C. § 77a et seq. ........................................................................................................1

15 U.S.C. § 77l....................................................................................................................4

15 U.S.C. § 80a-2(a)(3), (19) ..............................................................................................2

**PRELIMINARY STATEMENT**

Defendants Lynn L. Anderson, Steven J. Mastrovich, William L. Marshall, Patrick J. Riley, Bruce D. Taber, Richard D. Shirk and Henry W. Todd (the "Independent Trustees") are trustees of the SSgA Funds, a Massachusetts business trust that formerly offered shares in the Yield Plus Fund and currently offers shares in the Intermediate Fund (collectively, the "Funds"). The Amended Complaints (the "Complaints") filed by lead plaintiffs Anatoly Alexander in the Yu action and Plumbers and Steamfitters Union Local No. 10 Health & Welfare Fund in the Plumbers action (collectively, "Plaintiffs") purport to assert claims against the Independent Trustees pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77a et seq. (the "Securities Act"), based upon allegations of materially misleading statements in the Funds' registration statements, prospectuses and related disclosures. Each Complaint is twice flawed.

First, the Independent Trustees join in the motion to dismiss filed by the State Street Defendants,[1] seeking dismissal of all counts of the Complaints because the registration statements and related disclosures identified in the Complaints do not contain material misstatements. Those grounds are not reiterated here.

Second, the Section 12(a)(2) claim in each Complaint asserted against the Independent Trustees should be dismissed for the separate reason that the Independent Trustees are not "sellers" of the Funds' shares within the meaning of the statute. The Independent Trustees are not "sellers" under the statutory standard articulated by the U.S. Supreme Court

---

[1] These defendants are State Street Corporation, State Street Global Advisors, the SSgA Funds, Peter G. Leahy, James Ross and Mark E. Swanson (collectively, the "State Street Defendants").

because they did not (i) transfer title of the Funds' shares or (ii) actively solicit Plaintiffs' purchases of the Funds' shares for financial gain.

The Complaints do not allege that the Independent Trustees transferred title of the Funds' shares. Consequently, a Section 12(a)(2) claim could be stated against the Independent Trustees only if Plaintiffs were to allege that the Independent Trustees solicited the purchase of the Funds' shares for "financial gain." The Complaints do not do so. There are no allegations, nor could there be, that the Independent Trustees engaged in any solicitation for "financial gain" as defined by the Supreme Court.

## **BACKGROUND**[2]

The SSgA Funds is an open-ended, investment management company under the Investment Company Act of 1940, as amended (the "1940 Act"), and is organized as a Massachusetts business trust. (Compls. ¶ 8.) The Yield Plus Fund and the Intermediate Fund are among several series of the trust.[3]

The SSgA Funds is governed by a Board of Trustees (the "Board"), which "is responsible for overseeing generally the management, activities and affairs of each fund [in the

---

[2] For purposes of this motion only, the Independent Trustees assume, but do not admit, that Plaintiffs' well-pleaded allegations are true.

[3] Statement Of Additional Information at 3 (Dec. 18, 2007) (attached hereto as Exhibit A). Documents such as this, which are incorporated into the Complaints by reference, may be considered by the Court on this motion. See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (holding that for purpose of deciding a motion to dismiss, the complaint includes "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . as well as public disclosure documents required by law to be, and that have been, filed with the SEC"). Although the Yu Complaint alleges that shares of the Yield Plus Fund are available for purchase (Yu Compl. ¶ 9), that is not true. On or about May 31, 2008, the Yield Plus Fund was liquidated and its assets were distributed. (Supplement To The SSgA Yield Plus Fund Prospectus And Statement Of Additional Information (April 2, 2008) (attached hereto as Exhibit B).)

trust] and . . . approve[s] contracts with various financial organizations to provide, among other services, day-to-day management required by the [trust]." (Compls. ¶ 22.) The Board consists of eight trustees. (Exhibit A at 16-19.) The seven Independent Trustees are not "interested" persons of the SSgA Funds as defined in the 1940 Act.[4] (Exhibit A at 15-19.) The eighth trustee, defendant Peter Leahy, an Executive Vice President at State Street Corporation, is "interested." (Id. at 17.)

Under the advisory contract negotiated by the Independent Trustees, SSgA Funds Management, Inc. serves as the investment advisor of the SSgA Funds. (Id. at 24.) The investment advisor directs the SSgA Funds' investments in accordance with each particular series' investment objective, policies and limitations. (Id.)

The Independent Trustees do not manage the day-to-day operations of the SSgA Funds. Those activities are conducted by the investment advisor and other service providers. (E.g., id. at 25-29.) Although the Independent Trustees are alleged to have signed certain registration statements (Compls. ¶¶ 11, 13-15, 17, 19-21), the Complaints do not allege any specific involvement by any of them in preparing the registration statements, the prospectuses, statements of additional information, or other of the Funds' disclosures identified in the Complaints. (Id. ¶¶ 30-32.) Rather, the Complaints only allege in formulaic fashion that the Independent Trustees (as well as all other individual defendants) "participat[ed] in the preparation of the false and misleading Registration Statements and participat[ed] in marketing the shares of the Fund to investors." (Yu Compl. ¶ 100; Plumbers Compl. ¶ 95.) None of the alleged misstatements is attributed to the Independent Trustees.

---

[4]   The 1940 Act provides, in relevant part, that a trustee is interested if the trustee is "controlled by" the investment advisor. See 15 U.S.C. § 80a-2(a)(3), (19).

3

# ARGUMENT[5]

## I.  ALL COUNTS OF THE COMPLAINTS SHOULD BE DISMISSED BECAUSE THE FUNDS' REGISTRATION STATEMENTS AND OTHER DISCLOSURES DO NOT CONTAIN MISLEADING STATEMENTS

The Independent Trustees join in the arguments and authorities of the State Street Defendants' motion seeking dismissal of the Complaints.

## II.  PLAINTIFFS' SECTION 12(a)(2) CLAIMS SHOULD BE DISMISSED FOR THE SEPARATE REASON THAT THE INDEPENDENT TRUSTEES ARE NOT STATUTORY "SELLERS"

Potential liability under Section 12(a)(2) is limited to a defendant who "offers or sells" a security to a purchaser. The statute provides in relevant part:

> [A]ny person who . . . <u>offers or sells</u> a security . . . by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact . . . shall be liable . . . to the person purchasing such security from him . . . .

15 U.S.C. § 77l (emphasis added).

The Supreme Court has narrowly defined Section 12 "sellers" to include only those persons who either:

---

[5] In considering a motion to dismiss, although the Court should accept as true all factual statements alleged in the Complaints and draw any reasonable inferences in Plaintiffs' favor, "bald assertions and conclusions of law are not adequate [to state a claim] and a complaint consisting only of naked assertions, and setting forth no facts upon which a court could find a violation of the [law], fails to state a claim under Rule 12(b)(6)." <u>In re Tamoxifen Citrate Antitrust Litig.</u>, 466 F.3d 187, 201 (2d Cir. 2006) (citations and internal quotations omitted). The Court should apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim <u>plausible</u>." <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). As the Supreme Court recently observed, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations and internal quotations omitted) (brackets in original).

4

>   (a)  transfer title of the securities, or
>
>   (b)  solicit security purchases for financial gain.

Pinter v. Dahl, 486 U.S. 622, 642-43, 647 (1988).  Pinter addressed the definition of "seller" as used in Section 12(a)(1), and the Second Circuit has held that the identical language in Section 12(a)(2) has the same meaning.  Capri v. Murphy, 856 F.2d 473, 478 (2d Cir. 1988).

### A. The Complaints Do Not Allege That The Independent Trustees Transferred Title Of Securities

Section 12 "imposes liability on the owner who passed title, or other interest in the security, to the buyer for value."  Pinter, 486 U.S. at 642.  Plaintiffs do not, and cannot, allege that the Independent Trustees transferred title of the Funds' shares.

### B. The Complaints Do Not Adequately Allege That The Independent Trustees Solicited Security Purchases For Financial Gain

Unable to plead that the Independent Trustees passed title of the Funds' shares, the Complaints instead purport to rely on the "solicitation" prong of the Pinter analysis, alleging that each of the Independent Trustees signed the Funds' registration statements (Compls. ¶¶ 11, 13-15, 17, 19-20), and "participat[ed] in the preparation of the false and misleading Registration Statements and participat[ed] in marketing the shares of the Fund to investors."  (Yu Compl. ¶ 100; Plumbers Compl. ¶ 95.)  To adequately allege "seller" status under the Pinter solicitation prong, however, Plaintiffs must plead that the Independent Trustees both (i) engaged in conduct for "financial gain" and (ii) actively solicited Plaintiffs' purchase of the Funds' shares.  In re Vivendi Universal, S.A. Sec. Litig., 381 F. Supp. 2d 158, 187 (S.D.N.Y. 2003) (dismissing Section 12 claim brought against chief financial officer for failure to allege financial gain).

### 1.   Plaintiffs' Failure To Allege That The Independent Trustees Solicited Purchases For "Financial Gain" Is Fatal

An individual is not a Section 12(a)(2) seller unless it is alleged that he was motivated by "his financial gain." Vivendi, 381 F. Supp. 2d at 186. Allegations of financial motivation are a necessary predicate for establishing "seller" status, and their absence is fatal to a Section 12(a)(2) claim. Id. at 187.

In Vivendi, plaintiffs brought suit against a company and its former chief executive officer and former chief financial officer, asserting violations of the federal securities laws in connection with allegations that defendants issued false and misleading statements about the company's financial results. Id. at 164. Plaintiffs alleged, among other things, that defendants violated Section 12(a)(2) by filing, in connection with a merger, a registration statement and prospectus that allegedly contained false and misleading financial information. Id. at 171, 173. The court stated that to plead "seller" status under Pinter, a plaintiff must allege that the individual defendant "solicit[ed] . . . security purchases for his financial gain." Id. at 186 (citing Pinter, 486 U.S. at 647) (emphasis added). The court dismissed the Section 12(a)(2) claim against the former CFO, holding that there were no facts "alleged to show how [he] stood to financially gain from his actions." Id. at 187.

By contrast, the court denied the CEO's motion to dismiss the Section 12(a)(2) claim because plaintiffs alleged that he stood to financially benefit from the increased sale of the company's securities. Id. Plaintiffs alleged that the CEO "received a $3 million bonus, or two and a half times his salary, for boosting [the company's earnings] by 30%, and that he would have received triple his salary if he boosted [the company's earnings] by 35%." Id. The court held that those allegations, unlike those asserted against the CFO, were sufficient. Id.

Similarly, in Atlas v. Accredited Home Lenders Holding Co., 556 F. Supp. 2d 1142, 1160 (S.D. Cal. 2008), the court addressed Section 12(a)(2) claims brought against executives of the corporate defendants, based upon allegations that the defendants disseminated false and misleading financial information. As in Vivendi, the court observed that under Pinter, a plaintiff must plead that a defendant engaged in conduct "'motivated at least in part by a desire to serve his own financial interests.'" Id. at 1161 (quoting Pinter, 486 U.S. at 647). In dismissing the Section 12(a)(2) claims against the executives, the Court held that plaintiffs "fail[ed] to allege . . . that the executive defendants solicited the exchange for their own financial gain." Id. at 1160 (quotation omitted).

In the present Complaints, there are no allegations, conclusory or otherwise, that the Independent Trustees stood to gain financially from purchases of the Funds' shares. Nor could Plaintiffs make any good faith allegation that the Independent Trustees had any financial stake in sales of the Funds' shares. The Independent Trustees are independent of the State Street entities that actually distributed and managed the Funds. Further, the Independent Trustees' compensation is in no way related to the sale of the Funds' shares. Rather, the Independent Trustees' compensation is fixed annually, is for an amount based on oversight of all series of the SSgA Funds (i.e., many different investment portfolios), and is fully disclosed to the Funds' shareholders. (See Exhibit A at 21 (identifying amounts paid to Independent Trustees and confirming that the amounts are unrelated to sales of the Funds' shares).) The Complaints, therefore, fail to satisfy the financial gain requirement. For this reason, no Section 12(a)(2) claim is stated against the Independent Trustees.

### 2. Separately, As A Matter Of Law, Conclusory Allegations Of Preparing And Signing Registration Statements Do Not Adequately Allege Active "Solicitation"

This Court need go no further than the foregoing "financial gain" analysis. Yet, there is also another basis for dismissal of the Section 12(a)(2) claims. There is a split of case law on the different issue of whether an allegation of preparing and signing a registration statement or prospectus, without more, is sufficient to plead active solicitation. The more recent and better articulated authorities hold that it is not.[6] Under that authority, no Section 12(a)(2) claim is stated against the Independent Trustees for this separate, additional reason.

For example, in In re Harmonic, Inc. Sec. Litig., No. C 00-2287 PJH, 2006 WL 3591148 (N.D. Cal. Dec. 11, 2006), plaintiffs brought suit against two corporate entities and certain of their executives alleging violations of Section 12(a)(2) in connection with a merger transaction between the entities. Id. at **1-2. The individual defendants, citing Pinter, moved to dismiss the claim on the grounds that plaintiffs had failed to plead active solicitation of the purchase of securities. Id. at *10. In opposing that motion, Plaintiffs argued that mere allegations that the defendants participated in drafting and signed the registration statement and prospectus were adequate. Id. at *11.

The court rejected this argument and dismissed the Section 12(a)(2) claim, holding that the complaint did "not adequately allege that they 'solicited' the purchase of [company] stock." Id. at *13. In explaining why the mere signing of a prospectus document is insufficient to constitute active solicitation, the court emphasized that Pinter "carefully distinguished" between Section 11, which creates potential liability for every person who signs a

---

[6]   The only appellate decision to address this issue so holds. Rosenzweig v. Azurix, 332 F.3d 854, 871 (5th Cir. 2003) (affirming dismissal of Section 12(a)(2) claim and rejecting argument that "signing the registration statement suffices for solicitation").

registration statement, and Section 12(a), which does not do so. Id. (citing Pinter, 486 U.S. at 650 n.26). The court further observed that the Pinter Court "concluded that Congress 'did not intend such persons [the categories enumerated in § 11] to be defendants in § 12 actions.'" Id. (quoting Pinter, 486 U.S. at 650 n.26) (alteration in original). Based upon that analysis, the court held that "§ 12(a), unlike § 11(a), does not extend liability to those who simply sign a prospectus, without more." Id. at *14. But see Degulis v. LXR Biotech., Inc., 928 F. Supp. 1301, 1315 (S.D.N.Y. 1996) (Sweet, J.) (holding without explanation, a decade earlier, that "[a]lthough signing the registration statement need not constitute active solicitation . . . it is, at this stage of the proceedings, a sufficient allegation to permit [p]laintiffs to present evidence that, alone or in tandem with other acts, the signatures constituted active solicitation").

Although Plaintiffs' failure to plead "financial gain" is itself dispositive, the Complaints also do not satisfy the "active solicitation" requirement to state a Section 12(a)(2) claim, should this Court choose to reach that issue as well.

## CONCLUSION

For all of the foregoing reasons, the Independent Trustees' motion to dismiss the Amended Complaints should be granted in its entirety.

9

Dated: March 11, 2009  
       New York, New York

Respectfully submitted,

/s/ Thomas J. Dougherty  
Thomas J. Dougherty  
Peter Simshauser  
Michael S. Hines  
SKADDEN, ARPS, SLATE,  
    MEAGHER & FLOM LLP  
Four Times Square  
New York, New York  10036  
(212) 735-3000  
dougherty@skadden.com  
psimshau@skadden.com  
mhines@skadden.com

-- and --

One Beacon Street  
Boston, Massachusetts  02108  
(617) 573-4800

Counsel for Defendants  
Lynn L. Anderson, Steven J. Mastrovich,  
William L. Marshall, Patrick J. Riley, Bruce D.  
Taber, Richard D. Shirk and Henry W. Todd

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as indicated on the Notice of Electronic Filing.  I further certify that on March 11, 2009, I caused a true copy of the foregoing document to be served by first class mail, postage prepaid upon the following counsel:

  Robert J. Dyer III
  Jeffrey A. Berens
  DYER & BERENS LLP
  682 Grant Street
  Denver, CO  80203

  *Co-Lead Counsel for Plaintiff Ning Yu*

  Corey D. Holzer
  Michael I. Fistel, Jr.
  HOLZER HOLZER & FISTEL, LLC
  1117 Perimeter Center West, Suite E-107
  Atlanta, GA  30338

  *Counsel for Plaintiff Ning Yu*

Dated:  March 11, 2009            /s/ Thomas J. Dougherty
                    Thomas J. Dougherty