UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
IN RE STATE STREET BANK AND  :
TRUST CO. FIXED INCOME FUNDS :  MDL No. 1945
INVESTMENT LITIGATION        :
------------------------------------- x
NING YU, On Behalf of Himself and All :
Others Similarly Situated,            :
                                      :
             Plaintiff,   :  No. 08 Civ. 8235 (RJH)(DFE)
                                      :
   vs.                             :  **ECF CASE**
                                      :
STATE STREET CORPORATION, et al.,     :  **Electronically Filed**
                                      :
             Defendants.  :
------------------------------------- x
PLUMBERS AND STEAMFITTERS UNION       :
LOCAL NO. 10 HEALTH & WELFARE         :
FUND, Individually and on Behalf of All Others :
Similarly Situated,                   :
                                      :
             Plaintiff,   :  No. 08 Civ. 7934 (RJH)(DFE)
                                      :
   vs.                             :  **ECF CASE**
                                      :
STATE STREET CORPORATION, et al.,     :  **Electronically Filed**
                                      :
             Defendants.  :
------------------------------------- x

**INDEPENDENT TRUSTEES' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINTS**

<u>Reply</u>

Plaintiffs' lengthy opposition reduces to four unavailing points:

1.      They assert that publicly reported external events occurring at different times comprise material prospectus omissions at all times, regardless of whether the events pre- or post-date one or more prospectuses, and despite the fact that they were publicly reported:

> a rising U.S. prime rate; a decline in property values; a significant increase in the U.S. mortgage default rate, particularly for sub-prime mortgage loans; a drop in the sales of existing homes, with a commensurate rise of homes on the market; late mortgage payments rising; and mortgage lenders revealing enormous losses and declaring bankruptcy. <u>See</u> <u>Yu</u> Compl. ¶¶ 40-55; Opposition at 18.

No case holds that there is a duty to disclose such publicly reported external events, or that failure to do so states a claim of material omission from a securities prospectus for a bond fund.[1]

2.      Plaintiffs do not challenge that the Funds' disclosed NAV accurately stated the NAV as computed. Rather they state, "Defendants <u>should</u> <u>have</u> marked-down the value of their mortgage-related assets." (Opposition at 9.) Under <u>Santa Fe</u>, however, the Supreme Court has held that claims of mismanagement do not state federal securities misrepresentation claims.[2]

3.      Contrary to plaintiffs' assertions, the Schedules of Investments incorporated in the Prospectuses identified by name every single investment comprising the Fund portfolio, leaving nothing to inference.[3]

---

[1]     <u>See, e.g.</u>, <u>Panther Partners, Inc. v. Ikanos Commc'ns, Inc.</u>, 538 F. Supp. 2d 662, 664 (S.D.N.Y. 2008) (dismissing § 11 and § 12(a)(2) claims; where a prospectus disclosed firm-specific risks, each investor can combine this with economic information in the public domain to make his/her assessment).

[2]     <u>Santa Fe Indus., Inc. v. Green</u>, 430 U.S. 462, 477 (1977) (holding that "instances of corporate mismanagement" are not actionable under § 10(b) of the Securities Exchange Act of 1934). Courts routinely apply <u>Santa Fe</u> in dismissing § 11 and § 12 claims alleging mismanagement. <u>E.g.</u>, <u>Portannese v. Donna Karan Int'l, Inc.</u>, No. 97-CV-2011 CBA, 1998 WL 637547, at **9-10, n.8 (E.D.N.Y. Aug. 14, 1998) (dismissing § 11 and § 12 claims on the grounds that plaintiffs' allegations "constitute[d] nonactionable claims of mismanagement").

[3]     For example, the 2006 Annual Report at 9-10 lists "Residential Asset Securities Corp. (Ê) Series 2005-KS7 Class A1 5.424% due 08/25/35" and "SG Mortgage Securities Trust (Ê) Series 2005-OPT Class M2 5.774% due 10/25/35" under the Asset-Backed Securities subheading. (Skinner Decl. Ex. C.) Note (Ê) states "Adjustable or floating rate security. Rate shown reflects rate in effect at period end." <u>Id</u>. at 53.

      4.     Contrary to Plaintiffs' assertions, under <u>Vivendi</u>, where a defendant had no personal financial interest in the sales (in <u>Vivendi</u>, none was alleged as to Mr. Hannezo, here none is alleged as to the Independent Trustees), he is not a statutory § 12(a)(2) solicitor.[4]

Dated: April 20, 2009  
      New York, New York

Respectfully submitted,

/s/ Thomas J. Dougherty  
Thomas J. Dougherty  
Peter Simshauser  
Michael S. Hines  
SKADDEN, ARPS, SLATE,  
    MEAGHER & FLOM LLP  
Four Times Square  
New York, New York  10036  
(212) 735-3000  
dougherty@skadden.com  
psimshau@skadden.com  
mhines@skadden.com  

-- and --

One Beacon Street  
Boston, Massachusetts  02108  
(617) 573-4800

Counsel for Defendants  
Lynn L. Anderson, Steven J. Mastrovich, William L. Marshall, Patrick J. Riley, Bruce D. Taber, Richard D. Shirk and Henry W. Todd

---

[4]   <u>Vivendi Universal, S.A. Sec. Litig.</u>, 381 F. Supp. 2d 158, 187 (S.D.N.Y. 2003) (dismissing § 12 claim brought against chief financial officer because there were no "facts alleged to show how [he] stood to financially gain from his actions").

2

## CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as indicated on the Notice of Electronic Filing. I further certify that on April 20, 2009, I caused a true copy of the foregoing document to be served by first class mail, postage prepaid upon the following counsel:

    Robert J. Dyer III
    Jeffrey A. Berens
    DYER & BERENS LLP
    682 Grant Street
    Denver, CO  80203

    *Co-Lead Counsel for Plaintiff Ning Yu*

    Corey D. Holzer
    Michael I. Fistel, Jr.
    HOLZER HOLZER & FISTEL, LLC
    1117 Perimeter Center West, Suite E-107
    Atlanta, GA  30338

    *Counsel for Plaintiff Ning Y*u

Dated:  April 20, 2009                                     /s/ Thomas J. Dougherty
                                                                                  Thomas J. Dougherty